## CIRCUIT COURT OF CHESTERFIELD COUNTY

Viracon, Inc.

v.

Southeastern Glass and Door

July 23, 1990

Case No. (Chancery) 90-365

By JUDGE WILLIAM R. SHELTON

The Court finds that the defendant's motion to dismiss should be granted. In the case before us, the Memorandum of Mechanic's Lien was filed September 14, 1989. The suit was presented to the Clerk's office for filing on March 13, 1990. The Clerk's office after determining that the filing fees attached were insufficient, notified plaintiff's counsel of the error on March 14, 1990. The correct amount of filing fees was received by mail on March 15, 1990.

Va. Code Section 43-17 provides in part that:

No suit to enforce any lien perfected under Sections 43-4, 43-5, and 43-7 to 43-10 shall be brought after six months from the time when the memorandum of lien was recorded or after sixty days from the time the building, structure or railroad was completed or the work thereon otherwise terminated, whichever time shall last occur.

The defendant argues that plaintiff's suit cannot be considered filed until the fees are paid in full. Thus, the suit was not filed until March 15, 1990, which is one day beyond the statutory period and, therefore, it should be dismissed.

Upon a review of the various statutes, this Court is of the impression that a suit cannot be considered filed until all fees and writ taxes have been paid in full. To hold otherwise would create an onerous burden on the Court in applying statutory time constraints marked by the filing of the suit. In this case, since the fee was not paid in full until March 15, 1990, the suit was not filed until March 15, 1990. Thus, the suit was filed one day beyond the statutory time limit, and the Court must grant the plaintiff's motion to dismiss.